# UNITED STATES DISTRICT COURT.

WILLIAM C. TALBOT and others agt. WILLIAM W. WAKEMAN and others.

Where, on a trial at *law,* a fatal *variance* between the allegations and the proofs would appear by including in the action an independent *party,* where no proof was furnished of his *interest* in the suit, yet such an irregularity in pleading will not work a defeat of the action in *admiralty;* and the insertion of such party may be disregarded.

And so where it is alleged that there is a *want of proper parties,* and the proof shows that such parties acted as agents or brokers, and had no interest in the suit, although they were named in the charter party upon which the action was brought with the libelants, there is no substantial variance.

Where the faulty and unsafe *stowage of a cargo* is made exclusively by the authority and direction of the *master* of the vessel, it creates a liability upon the *owner,* which would not be the case if the evidence showed that the *shipper* knew and acquiesced in the stowage.

*New York, May,* 1860.

THIS was a libel filed by William C. Talbot and others, " composing the firm of W. C. Talbot & Co., of San Fran-

cisco, and the Puget Mill Company, of Puget Sound,"
against the defendants, as owners of brig Eolian, to recover
damages by reason of an alleged violation of a charter for
a voyage from San Francisco to Puget Sound, with a cargo
of plank, square timber and spars; thence to China; and
thence, with merchandize and passengers, back to San
Francisco.

The libel alleged that the libelants chartered the vessel
for the voyage through brokers, named Lubeck & Co., who
had no interest in the charter; that by the charter it was
agreed that the vessel should be tight, staunch, well fitted,
&c., when she was in fact unseaworthy, and that by reason
of that fact, and of the failure to stow the cargo properly,
and of the throwing overboard of one part of the cargo,
and the sale of another part, and other breaches of the
charter party, the libelants were damaged to the amount
of several thousand dollars.

The answer alleged that the vessel was seaworthy, but
"in consequence of the perils of the sea and stress of
weather a part of the cargo was thrown overboard, and
another part sold from necessity, to make repairs, and
enable the performance of the contract," and claimed
damages by reason of an alleged breach of the charter in
China by the libelants, to an amount exceeding the libel-
ants' claim.

The respondent claimed, on the hearing, that there was
a fatal variance between the allegations and proofs; that
the charter proved was one under seal, chartering the ves-
sel to W. C. Talbot & Co., and Lubeck & Co., while
Lubeck & Co. were not made parties, and the Puget Mill
Company were made libelants.

They further claimed that no damages could be claimed,
by reason of lading spars on the deck of the vessel, as the
nature of the articles necessarily imported that mode of
carriage, and the libelants are therefore chargeable with

the responsibility of it, as decided in *Lawrence* agt. *Minturn* (17 *How.*, 100).

BENEDICT, BURR and BENEDICT, *for libelants.*
BEEBE, DEAN and DONOHUE, *for respondents.*

Held by the Court, BETTS, Justice. That although on trial at law, there would be a fatal variance, in that the Puget Mill Company would be deemed independent parties, and proof must be given of their interest, which proof is not furnished; yet this is but an irregularity in pleading, not working a defeat of an action in the admiralty, and the insertion of the Puget Mill Company may be disregarded.

That the evidence shows that Lubeck *&* Co. were only brokers, and not parties in interest.

That there is proof that the shipment of the spars was made exclusively by the authority and direction of the master of the vessel, while in the case cited from 17*th How. R.*, there was evidence that the shipper knew and acquiesced in the stowage.

That on the evidence, the vessel was put on the voyage in an unseaworthy condition; that the stowage of the cargo on deck was made in a faulty and unsafe manner; that the proof is very spare and indefinite as to the necessity of a jettison or a sale of any of the cargo; and that the defendants fail to prove a fulfillment of their engagements to receive cargo and passengers in China, and transport them to San Francisco.

Decree, therefore, for libelants, with a reference to a commissioner to ascertain the items of damage.